IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.  Case No: 3:04cr1/LAC
3:06cv245/LAC/MD

LAWANDA CAROL NALL

REPORT AND RECOMMENDATION

This matter is before the court upon defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 145).  Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified."  Defendant indicates on the § 2255 form that after her direct appeal was decided on September 29, 2005, she filed a petition for certiorari with the United States Supreme Court on December 23, 2005 which is still pending.  As of the date of this recommendation, the court has verified that the petition for certiorari is still pending.  The district court lacks jurisdiction to consider and rule on a § 2255 motion during the pendency of the direct appeal.  *United States v. Dunham*, 240 F.3d 1328, 1329-30 (11th Cir. 2001); see also *United States v. Khoury*, 901 F.2d 975, 976 n.20 (11th Cir. 1990); *Welsh v. United States*, 404 F.2d 333 (5th Cir. 1968) ("[a] motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot.")

Therefore, because the resolution of the petition for certiorari could render the instant petition moot, it is premature, and should be dismissed without prejudice.

Accordingly, it is respectfully RECOMMENDED:

The motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 145) be denied without prejudice due to the pendency of defendant's petition for certiorari in the United States Supreme Court.

At Pensacola, Florida, this 6th day of June, 2006.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).